**Affirmed and Memorandum Opinion filed May 16, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00529-CV

## TRACY HOLLISTER, Appellant

## V.

## MALONEY, MARTIN & MITCHELL LLP, MIKE MARTIN, P.C. AND MIKE MARTIN, INDIVIDUALLY AND FRANK W. MITCHELL, Appellees

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 03-CV-0950**

## M E M O R A N D U M   O P I N I O N

Appellant, Tracy Hollister, contends the trial court erred by granting summary judgment in favor of Maloney, Martin & Mitchell LLP, Mike Martin P.C., and Mike Martin, individually and Frank W. Mitchell (collectively, "appellees").[1] We affirm.

---

[1] For simplicity, we sometimes use the term "appellees" even when the relevant facts

# I. BACKGROUND[2]

Sometime before 2001, certain real property was polluted and required environmental remediation. According to Hollister, Southeast Texas Environmental, LLC ("STE"), and other related individuals and entities (collectively, "the STE Group") contracted with Ken Bigham for him to manage the remediation plan and a portion of the corresponding litigation. On February 5, 2003, Bigham and the STE Group entered into an attorney-client contract with appellees ("Contract 1"); Hollister was not a party to this contract. Pursuant to Contract 1, the STE Group retained appellees to represent it in environmental litigation against polluting defendants ("the Underlying Litigation").

Additionally, some or all of the STE Group and Bigham entered into an agreement (not an attorney-client contract) providing that Bigham would receive 26.5%, and Hollister would receive 7%, of the net proceeds recovered in the Underlying Litigation ("Contract 2"). Apparently, Hollister was an important fact witness who had worked in some capacity for STE, and STE Group agreed to give Hollister a percentage of net proceeds to ensure his cooperation in the Underlying Litigation.

In June 2003, appellees filed a lawsuit in Galveston County district court on behalf of the STE Group. The STE Group settled its claims against several defendants, and settlement funds were distributed to Bigham and Hollister as specified in Contract 2. Nevertheless, according to Hollister, the STE Group and appellees "left [Bigham] completely out of the settlement and trial process" "just as substantial monies were to be recovered." Bigham threatened to sue the STE

_____

involve less than all appellees.

[2] Some of the facts provided in this section were alleged in various pleadings and are not necessarily supported by summary-judgment evidence. We include them for factual and procedural context.

Group. In turn, the STE group sued Bigham and Hollister in Harris County district court. In September 2007, the Harris County trial court granted Bigham a temporary restraining order against the STE Group, ordering them not to encumber settlement funds collected in the Underlying Litigation. Hollister alleges the duration of this order was extended by agreement of the parties.[3]

Before the October 2007 trial date in the Underlying Litigation, the STE Group settled its claims against several other defendants. Bigham and Hollister were allegedly denied their share of the settlement funds. It appears appellees interpleaded these funds into the registry of the Galveston district court. Bigham and Hollister filed a response to appellees' interpleader, in which they also asserted claims against appellees for breach of fiduciary duty and legal malpractice. Appellees filed motions for traditional summary judgment, which the trial court granted, resulting in final judgment against Hollister on his claims.

## II. SUMMARY JUDGMENT

In two issues, Hollister contends the trial court erred by granting summary judgment in favor of appellees because appellees did not conclusively disprove the existence of an implied attorney-client relationship between them and Hollister (Issue 1) and that Hollister suffered damages (Issue 2). We note Hollister expressly states in his brief that he is appealing only the summary judgment on his breach-of-fiduciary-duty claim, not his legal-malpractice claim.

### A. Standard of Review

A party moving for traditional summary judgment must establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See*

---

[3] Bigham and Hollister appealed the judgment in the Harris County suit to our court. *See Ken Bigham and Tracy Hollister v. Southeast Texas Environmental, LLC*, No. 14-12-00084-CV. At the time of this opinion, we had abated the Harris County appeal for mediation.

Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of the plaintiff's cause of action or conclusively establish each element of an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). We review a summary judgment *de novo*. *Knott*, 128 S.W.3d at 215. We take all evidence favorable to the nonmovant as true and indulge every reasonable inference and resolve any doubts in his favor. *Id.*

## B. Analysis

In their respective motions for summary judgment, appellees argued, and presented evidence supporting, that Hollister suffered no damages because he has been fully paid monies owed to him pursuant to Contract 2. In his responses to the motions, Hollister asserted,

> It is true that Hollister ultimately received funds that were rightfully his. These funds should have been turned over to Hollister by [appellees] in the ordinary course of their representation of Hollister. However, Hollister was forced to hire counsel and incur attorney's fees to pursue the funds wrongfully kept from him by the acts of [appellees]. . . . As such, Hollister has suffered damage and [appellees'] Motion[s] for Summary Judgment should be denied.

Hence, Hollister argues that appellees' wrongful failure to timely distribute settlement funds caused him damages because he was required to retain counsel and file suit against appellees.[4]

Generally, a plaintiff may not recover attorney's fees for a breach-of-fiduciary-duty claim. *See Willis v. Donnelly*, 118 S.W.3d 10, 44 (Tex. App.—Houston [14th Dist.] 2003), *aff'd in part on other grounds, rev'd in part on other*

---

[4] Hollister does not assert any other reason regarding why appellees caused him actual damages.

*grounds*, 199 S.W.3d 262 (Tex. 2006); *Potter v. GMP, L.L.C.*, 141 S.W.3d 698, 705 (Tex. App.—San Antonio 2004, pet. dism'd). Nevertheless, Hollister relies on *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Development and Research Corp.* as authority that he may recover attorney's fees as actual damages. 299 S.W.3d 106, 122 (Tex. 2009). In *Akin Gump*, the supreme court held a legal-malpractice plaintiff may recover, as actual damages, attorney's fees he incurred ***in the underlying suit*** to remedy his attorney's malpractice. *Id.*; *see also Camp Mystic, Inc. v. Eastland*, 390 S.W.3d 444, 461–62 (Tex. App.—San Antonio 2012, pet. granted, judgm't vacated w.r.m.). According to Hollister, this principle applies equally in his breach-of-fiduciary-duty action.

Hollister incurred attorney's fees, not to remedy attorney malfeasance in the underlying suit as in *Akin Gump*, but in pursuing his breach-of-fiduciary-duty action against appellees. Thus, the present situation is clearly distinguishable. Allowing Hollister to bring his breach-of-fiduciary-duty action solely to recover attorney's fees incurred by bringing the action would circumvent the general rule that fees are not recoverable for breach-of-fiduciary claims. Accordingly, we overrule Hollister's second issue, do not consider his first issue, and conclude the trial court properly granted appellees' motions for summary judgment.

We affirm the trial court's judgment.


/s/     John Donovan
        Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.